IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MPS ENTERTAINMENT, LLC,
A New Jersey Limited Liability Company

    Plaintiff,

vs.

GTL FUEL, LLC, A Florida Limited
Liability Company

    Defendant.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff MPS ENTERTAINMENT, LLC ("MPS" or "Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, GTL FUEL, LLC. ("GTL FUEL" or "Defendant") and in support thereof states the following:

### JURISDICTION AND VENUE

This is a complaint for Trademark Infringement, Unfair Competition and False Description arising under §§1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description), for Unfair Business Practices arising under Florida Statutes 495.131 and 495.151, and for injury to business reputation under common law.

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1338(a) and 15 U.S.C. §1221. This Court has related claim jurisdiction over the state law claims pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. §1367.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 in as much as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

3. Plaintiff, MPS is, and at all times mentioned herein was, a limited liability company organized and existing under the law of the State of Florida, having a principal place of business in Miami, Florida. At all times herein Plaintiff, MPS has been engaged in the business of developing, marketing and distributing goods and services under the trademark "GTL," which is an acronym for "Gym, Tan, Laundry."

4. MPS is a limited liability company controlled and owned by Marc Sorrentino and his brother Michael Sorrentino ("Michael"), an internationally known TV star who has appeared on "Jersey Shore," "Dancing with the Starts," "The Tonight Show" and many other nationally televised programs. MPS was established as the exclusive entity to license "GTL" as it relates to the gym, tan, laundry lifestyle and any related products. GTL was created by Michael and made popular by him on the famous show "Jersey Shore." MPS has developed a close affiliation with GTL and "Gym, Tan, Laundry," which the public associates with Michael and MPS.

5. Defendant, GTL FUEL is, and at all times mentioned herein was, a limited liability company organized and existing under the law of the State of Florida, having a principal place of business in Port St. Lucie, Florida. At all times herein Defendant, GTL FUEL has been engaged in the business of developing, marketing, and distributing gym products, tanning products, laundry products, energy shots, bronzers, tanning lotions, tinglers, SPF lip balm, 3-1 body wash, shampoo, conditioner, beachwear and apparel bearing Plaintiff's GTL trademark.

**WOLFE LAW MIAMI**
175 SW 7th Street · Suite 2410 · Miami, FL 33131 · T. 305-401-3639 · www.wolfelawmiami.com

## FACTUAL BACKGROUND

6. Formed in 2009, Plaintiff, MPS, is a limited liability company which owns trademarks for use of the mark "GTL" in commerce. True and correct copies of said registration certificates are attached hereto as **Composite Exhibit A** and hereinafter referred to as "the Mark."

7. Since 2009 and continuing to the present, Plaintiff has marketed, distributed, and/or sold its goods and services bearing the Mark or similar variations thereof. Plaintiff has spent substantial time, energy, and money to develop the goodwill associated with the Mark.

8. Since 2009 and continuing to the present, Plaintiff has continuously used the Mark in connection with advertising and promoting its goods and services.

9. Prior to January 2011, a representative or agent of Defendant approached Michael and attempted to negotiate a license to use the GTL and "Gym, Tan, Laundry" Marks.

10. Starting in January 2011, Defendant began to produce, market, and distribute products bearing the GTL Mark owned by Plaintiff, even though Plaintiff never learned of Defendant's attempt to license the Mark.

11. According to Defendant's Facebook page, GTL FUEL was founded in 2010 and creates "products to fuel your GTL lifestyle." A true and correct copy of the screenshot of the Facebook page is attached hereto as **Exhibit B.** Further, the Facebook page only has two other pages it "Likes" – American Cancer Society Making Strides Against Breast Cancer and "DJ Pauly D," another member of the cast of Jersey Shore, along with Michael. By use of the apparent connection to DJ Pauly D, Defendant is making further efforts to associate itself and its products with Michael and the Plaintiff's Mark.

**WOLFE LAW MIAMI**
175 SW 7th Street · Suite 2410 · Miami, FL 33131 · T. 305-401-3639 · www.wolfelawmiami.com

12. Hence, it is apparent that GTL FUEL was created to capitalize upon the goodwill of Plaintiff's Mark and the Mark's association with Michael, and to illegally profit off of the use of the Mark in commerce.

## COUNT I – TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

13. Plaintiff repeats and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 12.

14. The aforesaid acts of Defendant constitute infringement of the Mark, in violation of Section 32(1) of the Lanham Act of 1946, as amended, 15 U.S.C. §1114(1).

15. Defendant's use of the Mark comprises an infringement of Plaintiff's registered trademark for "GTL" and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Plaintiff's and Defendant's goods, causing damages and irreparable harm to Plaintiff for which there is no adequate remedy at law. Unless Defendant is restrained from continuing its wrongful acts, the damage to Plaintiff will increase.

16. Plaintiff is informed, believes, and thereon alleges that Defendant has unlawfully obtained profits. The amount to be paid to Plaintiff is unknown and can only be ascertained by an accounting of Defendant's files, books and records.

17. An accounting is necessary to determine the true status of the accounts and the amounts owed to Plaintiff.

18. By reason of the foregoing acts, Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C. §1114.

## COUNT II – UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a)

19. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 12.

4

20. Defendant's use of the Mark to promote, market and sell its products and services in direct competition with Plaintiff's products and services constitutes unfair competition and false designation of origin in violation of 15 U.S.C. §1125(a). Defendant's use of the Mark is likely to cause confusion, mistake and deception among consumers.

21. Defendant's wrongful acts have permitted or will permit it to capitalize on the success, goodwill and reputation of Plaintiff and Michael, and the strength of the Mark in promoting Defendant's own goods and services.

22. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been and will be deprived of the value of the Mark and its related assets.

23. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been damaged and such damage will continue unless the Court enjoins Defendant's acts. Plaintiff has no adequate remedy at law for Defendant's continuing violation of its rights.

## COUNT III – UNFAIR COMPETITION UNDER FLORIDA STATUTES § 495.131, 151

24. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 12.

25. Defendant's actions discussed herein constitute unfair competition within the meaning of FS 495.131 and 151.

26. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition, as well as disgorgement of all of Defendant's profits associated with this unfair competition.

**WOLFE LAW MIAMI**
175 SW 7th Street · Suite 2410 · Miami, FL 33131 · T. 305-401-3639 · www.wolfelawmiami.com

## COUNT IV – DECEPTIVE, FALSE AND MISLEADING ADVERTISING – FLORIDA STATUTES § 495.151

27. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 12.

28. The acts of Defendant described above constitute untrue and misleading advertising as defined by Florida Statute 495, *et seq.*

29. Defendant's use of the Mark in the same market is likely to create confusion, cause mistake, or to deceive consumers as to the affiliation, connection or association of Plaintiff's and Defendant's products and services, or deceive consumers as to the origin, sponsorship or approval of Defendant's products and services.

30. Defendant's wrongful acts have permitted or will permit it to capitalize on the success, goodwill, and reputation of Plaintiff and Michael, and the strength of Plaintiff's Mark in promoting Defendant's own goods and services.

31. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been damaged and such damage will continue unless the Court enjoins Defendant's acts. Plaintiff has no adequate remedy at law for Defendant's continuing violation of Plaintiff's rights.

## COUNT V – TRADEMARK INFRINGEMENT-COMMON LAW

32. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 12.

33. The acts of Defendant described above constitute trademark infringement of Plaintiff's common law rights in its uses of the Mark.

34. Defendant's improper use of the Mark is likely to cause confusion, mistake and deception of the public as to the identity and origin of Plaintiff's and Defendant's goods and

services and is likely to cause others to believe that there is a relationship between Defendant, Plaintiff and Michael.

35. Defendant's wrongful acts have permitted or will permit it to capitalize on the success, goodwill and reputation of Plaintiff and the strength of Plaintiff's Mark in promoting Defendant's own goods and services.

36. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been and will be deprived of the value of its Mark and related assets.

37. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been damaged and such damage will continue unless the Court enjoins Defendant's acts. Plaintiff has no adequate remedy at law for Defendant's continuing violation of Plaintiff's rights.

## COUNT VI – COMMON LAW INJURY TO BUSINESS REPUTATION

38. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 12.

39. Plaintiff alleges that Defendant's use of the infringing Mark injures and creates a likelihood of injury to Plaintiff's business reputation, because persons encountering Defendant and its products and services will believe that Plaintiff is affiliated with, related to or has the approval of Plaintiff. Any adverse reaction by the public to Defendant, the quality of its products and the nature of its business will injure the business reputation of Plaintiff and the goodwill that it enjoys in connection with its Mark.

**WHEREFORE,** Plaintiff prays:

1. That pursuant to 15 U.S.C. § 1116 and Fla. Stat. § 465.141, Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority of Defendant be preliminarily and permanently enjoined

from: (a) using the Mark, or any colorable imitation thereof; and (b) using any trademark that imitates or is in any way similar to Plaintiff's trademark "GTL," or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's products and services or their connectedness to Defendant;

2. That Defendant be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction;

3. That pursuant to 15 U.S.C. §1117, Defendant be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein;

4. That the Defendant be ordered pursuant to 15 U.S.C. §1118 and FS 495.141 to deliver for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendant bearing a trademark found to be infringing Plaintiff's trademark rights, as well as all plates, matrices and other means of making the same;

5. That the Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1117;

6. That Defendant be ordered, pursuant to FS 495.141 to pay Plaintiff three (3) times damages;

7. That the Court grant Plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§1116 and 1117 or under state law; and

8. For such and other further relief that the Court deems just and proper.

8

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all matters so triable.

## VERIFICATION

I, Marc Sorrentino, as Manager of MPS Entertainment, LLC, do hereby verify under penalty of perjury that the foregoing statements are true and correct.

By: _____
MARC SORRENTINO

## CERTIFICATE OF SERVICE

Respectfully submitted, this ___17___ **day of October 2011**, by:

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Plaintiff*
175 SW 7th Street
Suite 2410
Miami, FL 33131
Phone: 305-401-3639

By: _____
RICHARD C. WOLFE
Florida Bar No.: 355607
rwolfe@wolfelawmiami.com
DARREN A. HEITNER
Florida Bar No.: 85956
dheitner@wolfelawmiami.com